# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EARLENE SMITH,<br><br>     Plaintiff,<br><br>     v.<br><br>STATE OF CALIFORNIA [CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION],<br><br>     Defendant. | Case No. 1:17-cv-01058-LJO-SAB<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS AND GRANTING DEFENDANTS' MOTION TO DISMISS<br><br>(ECF Nos. 7, 14)<br><br>TEN DAY DEADLINE |

Plaintiff Earlene Smith filed the complaint in this action on August 8, 2017. On December 29, 2017, Defendant California Department of Corrections and Rehabilitation ("CDCR") filed a motion to dismiss that was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On October 24, 2017, the Magistrate Judge filed a findings and recommendations, which was amended on November 8, 2017. The amended findings and recommendations recommended granting Defendant's motion to dismiss. The findings and recommendations was served on the parties and contained notice that any objections to the findings and recommendations were to be filed within fourteen days (14) days from the date of service. The period for filing objections has passed and no objections have been filed.

The Court notes that this action was filed on August 8, 2017, and the complaint named

doe defendants. The Federal Rules of Civil Procedure include no provision "permitting the use of fictitious defendants." McMillan v. Department of Interior, 907 F.Supp. 322, 328 D. Nev. 1995, aff'd, 87 F.3d 1320 (9th Cir. 1996), cert. denied, 519 U.S. 1132 (1997); see also Fifty Associates v. Prudential Ins. Co., 446 F.2d 1187, 1191 (9th Cir. 1970). "As a general rule, the use of 'John Doe' to identify a defendant is not favored." Gillespie v. Civiletti, 629 F.2d 637, 642 (9th Cir. 1980). Nonetheless, a plaintiff must be afforded an opportunity to identify the unknown defendants through discovery, unless it is clear that discovery will not reveal their identities or the complaint must be dismissed for other reasons. Id. "While Doe pleading is disfavored, it is not prohibited in federal practice." Lopes v. Vieira, 543 F.Supp.2d 1149, 1152 (E.D. Ca. 2008). The inclusion of Doe defendants under these circumstances is permissible, as a plaintiff may amend the complaint pursuant to Rule 15 of the Federal Rules of Civil Procedure once the identity of defendants is known through discovery or other means, Merritt v. Los Angeles, 875 F.2d 765, 768 (9th Cir. 1989); see Swartz v. Gold Dust Casino, Inc., 91 F.R.D. 543, 547 (D. Nev. 1981).

However, Plaintiff is advised that pursuant to Rule 4 of the Federal Rules of Civil Procedure, the complaint and summons was to have been served within ninety days. Fed. R. Civ. P. 4(m). If the complaint and summons is not timely served, the Court "must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period." 4 Fed. R. Civ. P. 4(m).

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), this Court has conducted a de novo review of this case. Having carefully reviewed the entire file, the Court finds the findings and recommendations to be supported by the record and by proper analysis.

Accordingly, IT IS HEREBY ORDERED that:

1. The findings and recommendations, filed November 8, 2017, is ADOPTED IN FULL;

2. Defendant CDCR's motion to dismiss, filed September 29, 2017 is GRANTED as follows:

a. Plaintiff's section 1983 claims, first cause of action; and Fair Employment and Housing Act claims, second and seventh causes of action; against CDCR are DISMISSED without leave to amend as Defendant CDCR is entitled to Eleventh Amendment immunity;

b. Plaintiff's second cause of action for racial discrimination in violation of the FEHA is DISMISSED for failure to state a claim;

c. Plaintiff's state law claims; the third, fourth, fifth, and sixth causes of action; against CDCR are DISMISSED with leave to amend;

d. Plaintiff's request for punitive damages against CDCR is DISMISSED without leave to amend;

3. Within ten (10) days of the date of entry of this order, Plaintiff shall file an amended complaint; and

4. If Plaintiff fails to file an amended complaint in compliance with this order, this action shall proceed only against the Doe Defendants on the first, third, fourth, fifth, sixth, and seventh causes of action.

IT IS SO ORDERED.

Dated: **November 29, 2017**  /s/ Lawrence J. O'Neill
UNITED STATES CHIEF DISTRICT JUDGE