| | |
|---|---|
| EARLENE SMITH, | Case No. 1:17-cv-01058-LJO-SAB |
| Plaintiff, | FINDINGS AND RECOMMENDATIONS RECOMMENDING GRANTING DEFENDANTS' MOTION TO DISMISS |
| v. | |
| STATE OF CALIFORNIA [CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION], | (ECF No. 24) |
| | OBJECTIONS DUE WITHIN FOURTEEN DAY |
| Defendant. | |

# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

Plaintiff Earline Smith filed this civil right action pursuant to 42 U.S.C. § 1983 on August 8, 2017. (ECF No. 1.) Currently before the Court is Defendants' motion to dismiss Plaintiff's first amended complaint. (ECF No. 24.) The matter was referred to a United States magistrate judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302. (ECF No. 25.)

## I.

## PROCEDURAL HISTORY

Plaintiff filed this action on August 8, 2017, against the California Department of Corrections and Rehabilitation ("CDCR") and numerous unidentified individuals. (ECF No. 1.) On September 29, 2017, Defendant CDCR filed a motion to dismiss that was granted on November 29, 2017. (ECF Nos. 7, 15.) On December 12, 2017, an order issued requiring Plaintiff to show cause why this action should not be dismissed for failure to serve the

unidentified defendants. (ECF No. 16.) Plaintiff filed a response on December 22, 2017. (ECF No. 17.) On December 26, 2017, the order to show cause was discharged and the time to serve the complaint was extended by ninety days. (ECF No. 18.) On March 9, 2018, Plaintiff filed a first amended complaint against Jose Lopez and Gina Mendoza. (ECF No. 20.) On April 16, 2018, Defendants filed a motion to dismiss. (ECF No. 24.) On April 17, 2018, District Judge Lawrence J. O'Neill referred the motion to dismiss to the undersigned for the preparation of findings and recommendations. (ECF No. 25.)

## II.

## FIRST AMENDED COMPLAINT ALLEGATIONS

Plaintiff was hired as a psychiatric technician at the Central California Women's Facility in Chowchilla, California in mid-June 2016. (First Am. Compl. ("FAC") ¶ 11, ECF No. 20.) Plaintiff is African-American and alleges that there are a disproportionally small percentage of African-American employees and a disproportionally large number of African-American inmates at Chowchilla. (FAC ¶ 12.)

On June 30, 2016, Plaintiff misplaced her identification card. (FAC ¶ 13.) Plaintiff searched the areas that she had visited, her person, and her purse but was unable to locate the identification card. (Id.) Plaintiff then reported the identification card as missing as was required by prison protocol. (Id.)

Plaintiff was forced to search again for the card and was observed searching by Defendant Lopez who was supervising the search for the card. (FAC ¶ 14.) When Plaintiff was unable to find the card, Defendant Lopez instructed Defendant Mendoza to take Plaintiff into the bathroom and search her person. (FAC ¶ 15.) Defendant Mendoza led Plaintiff into the bathroom and made Plaintiff bear her breasts, show her undergarments, and lift her wig. (FAC ¶ 16.) Plaintiff objected to the invasiveness of the search. (Id.) After leaving the bathroom, Defendant Lopez made a comment that Plaintiff showed it all. (FAC ¶ 17.)

Plaintiff reported the invasive search to an unidentified employee ("Doe 3"). (FAC ¶ 18.) Other unidentified employees were aware that Plaintiff had complained to Doe 3 around June 30, 2016 about the search. (Id.) On July 1, 2016, Plaintiff submitted a formal EEO complaint

2

regarding the search. (FAC ¶ 19.) Defendants Mendoza and Lopez were aware that Plaintiff had submitted an EEO complaint. (FAC ¶ 20.)

On July 7, 2016, Plaintiff was given a write up regarding an allegedly inadequate response to an emergency, although Plaintiff contends that she conducted herself pursuant to the training that she had received. (FAC ¶ 21.) At least one other psychiatric technician failed to respond according to protocol but was not written up. (Id.)

Prior to July 15, 2016, the EEO investigated and determined that Plaintiff's complaint was supervisory in nature and it was forwarded to management for review and appropriate action. (FAC ¶ 22.) Plaintiff was never informed of any action taken by management in regards to her complaint. (FAC ¶ 23.)

Unidentified individuals told correctional officers and inmates that Plaintiff wore a wig and how her hair looked under the wig. (FAC ¶ 24.) This information was only known by Defendant Mendoza. (Id.) Inmates taunted Plaintiff calling her "bald-headed." (Id.)

Mental health management of inmates requires cooperation and, after Plaintiff complained to her supervisor and the EEO, Defendants Lopez and Mendoza and other staff refused to provide Plaintiff with the necessary level of assistance causing her job duties to become more difficult and fundamentally altering the terms and conditions of her employment. (FAC ¶ 25.)

From August 2016 through September 2016, Defendants Lopez and Mendoza and other unidentified individuals retaliated against Plaintiff by filing multiple reports of misconduct against her for trivial matters related to medication management which were either fabricated or were technical violations for which other employees who had not filed complaints were not written up or reported. (FAC ¶ 26.) Around September 2016, an unidentified individual ("Doe 8") blamed Plaintiff for three Tylenol tablets that were missing. (FAC ¶ 27.) Plaintiff denied taking the tablets. (FAC ¶ 27.) Plaintiff alleges that the false allegation was made in retaliation for her complaint regarding the search of her person. (Id.)

Around September 2016, an unidentified individual ("Doe 9") wrote Plaintiff up for an open food port that was allegedly in retaliation for her report. (FAC ¶ 28.) No other employees

were written up for the same behavior during the relevant time period despite the widespread practice of managing the food port in the same manner. (Id.)

Around September 11, 2016, an unidentified sergeant ("Doe 10") yelled at Plaintiff in front of other employees regarding the protocol for a particular inmate's blood sugar level management. (FAC ¶ 29.) Plaintiff alleges that no other employees were treated with this level of hostility which changed the conditions of Plaintiff's working environment. (Id.)

On or around October 30, 2016, Plaintiff was written up by an unidentified employee ("Doe 11"). (FAC ¶ 30.) Around November 2016, Plaintiff received notice that she would be interviewed regarding her complaint. (FAC 31.)

On December 3, 2016, Plaintiff filed an EEO complaint regarding the October 30, 2016 write up. (FAC ¶ 32.)

Plaintiff brings this action against Defendants Lopez and Mendoza ("Defendants") for unreasonable search and seizure in violation of the Fourth Amendment; and state law claims of racial discrimination in violation of California's Fair Employment and Housing Act ("FEHA"), Gov. Code § 12900 et seq., assault, battery, and negligence and state law claims against Defendants Lopez and Mendoza and unidentified defendants for negligent infliction of emotional distress and retaliation in violation of the FEHA.

**III.**

**LEGAL STANDARD**

Under Federal Rule of Civil Procedure 12(b)(6), a party may file a motion to dismiss on the ground that a complaint "fail[s] to state a claim upon which relief can be granted." A motion to dismiss pursuant to Rule 12(b)(6) tests the legal sufficiency of the complaint. Navarro v. Block, 250 F.3d 729, 732 (9th Cir. 2001). In deciding a motion to dismiss, "[a]ll allegations of material fact are taken as true and construed in the light most favorable to the nonmoving party." Cahill v. Liberty Mut. Ins. Co., 80 F.3d 336, 337–38 (9th Cir. 1996). The pleading standard under Rule 8 of the Federal Rules of Civil Procedure does not require " 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully harmed-me accusation." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v.

Twombly, 550 U.S. 544, 555 (2007)). In assessing the sufficiency of a complaint, all well-pleaded factual allegations must be accepted as true. Iqbal, 556 U.S. at 678-79. However, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. at 678. To avoid a dismissal under Rule 12(b)(6), a complaint must plead "enough facts to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570.

In deciding whether a complaint states a claim, the Ninth Circuit has found that two principles apply. First, to be entitled to the presumption of truth the allegations in the complaint "may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively." Starr v. Baca, 652 F.3d 1202, 1216 (9th Cir. 2011). Second, so that it is not unfair to require the defendant to be subjected to the expenses associated with discovery and continued litigation, the factual allegations of the complaint, which are taken as true, must plausibly suggest an entitlement to relief. Starr, 652 F.3d at 1216. "Dismissal is proper only where there is no cognizable legal theory or an absence of sufficient facts alleged to support a cognizable legal theory." Navarro, 250 F.3d at 732 (citing Balistreri v. Pacifica Police Dept., 901 F.2d 696, 699 (9th Cir.1988)).

## IV.

## DISCUSSION

Defendants move to dismiss Plaintiff's claims of racial discrimination and retaliation in violation of the FEHA (second and seventh cause of action), negligence (fifth cause of action), negligent infliction of emotional distress (sixth cause of action), and the official capacity claims.

### A. Official Capacity Claims

Plaintiff brings this action against the defendants in their individual and official capacities. Defendants move to dismiss the official capacity claims because the Court lacks jurisdiction to entertain a claim for damages against a state official in his or her official capacity.

"The Eleventh Amendment of the United States Constitution prohibits federal courts from hearing suits brought by private citizens against state governments, without the state's

consent." Nat. Res. Def. Council v. California Dep't of Transp., 96 F.3d 420, 421 (9th Cir. 1996); see also Sofamor Danek Grp., Inc. v. Brown, 124 F.3d 1179, 1183 (9th Cir. 1997). This immunity under the Eleventh Amendment extends to state agencies and to state officers acting on behalf of the state. Nat. Res. Def. Council, 96 F.3d at 421; Aholelei v. Dept. of Public Safety, 488 F.3d 1144, 1147 (9th Cir. 2007); Flint v. Dennison, 488 F.3d 816, 824–25 (9th Cir. 2007). Pursuant to the Eleventh Amendment, state agencies and officials are generally immune from liability under 42 U.S.C. § 1983. Will v. Michigan Dep't of State Police, 491 U.S. 58, 66 (1989) (section 1983 does not permit suits against a state unless the state has waived its immunity); Flint, 488 F.3d at 825 (state officials sued in their official capacities are not "persons" within the meaning of section 1983 and are generally entitled to Eleventh Amendment immunity).

Here, Plaintiff brings this action against the defendants in their official capacities seeking monetary damages. A suit against the defendants in their official capacities is no different than a suit against the state itself. Flint, 488 F.3d at 825. "State officers sued for damages in their official capacity are not 'persons' for purposes of the suit because they assume the identity of the government that employs them." Hafer v. Melo, 502 U.S. 21, 27 (1991). Plaintiff cannot bring suit for monetary damages against Defendants in their official capacities, because "a claim for damages against state officials in their official capacities is plainly barred." Shoshone-Bannock Tribes v. Fish & Game Comm'n, Idaho, 42 F.3d 1278, 1284 (9th Cir. 1994). The Court recommends that Defendants' motion to dismiss the official capacity claims be granted.

### B. Racial Discrimination in Violation of the FEHA

Defendants move to dismiss the racial discrimination claims on the ground that nonemployer individuals are not personally liable for discrimination under the FEHA and Plaintiff fails to allege any facts to support a racial discrimination claim.[1]

---

[1] Plaintiff's complaint is devoid of any allegations that would lead the Court reasonably infer that any defendant acted with a discriminatory motive. Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). Plaintiff alleges that during the term of her employment, she was subjected to discrimination based upon race or ethnicity due "to personnel decision-making based upon race and ethnicity which negatively affected African-American employees, including giving preference in tasks, scheduling and activities, to non-African-American employees." (FAC ¶ 40.) However, the complaint alleges that Plaintiff was subjected to an illegal search and after reporting the incident she was subjected to harassment by inmates and written up for incidents in retaliation for making the report. These are the same allegations in the previous complaint that were found to be insufficient to state a cognizable claim. Plaintiff has included no factual allegations that she was subjected to any

California's FEHA generally prohibits employers from practicing certain kinds of discrimination. Reno v. Baird, 18 Cal.4th 640, 643 (1998). Plaintiff brings a discrimination claim alleging violation of section 12940. Section 12940 makes it an unlawful employment practice for an employer "to refuse to hire or employ the person or to refuse to select the person for a training program leading to employment, or to bar or to discharge the person from employment or from a training program leading to employment, or to discriminate against the person in compensation or in terms, conditions, or privileges of employment" because of their race. Cal. Gov. Code § 12940(a). To state a claim of race discrimination under the FEHA, a plaintiff must allege that "her employer took one or more adverse employment actions against the plaintiff because of the plaintiff's race." Pinder v. Employment Dev. Dep't, 227 F.Supp.3d 1123, 1136 (E.D. Cal. 2017). A prima facie case of race discrimination requires the plaintiff to show that (1) she was a member of a protected class; (2) she was performing competently in the position she held; (3) she suffered an adverse employment action, such as termination, demotion, or denial of an available job; and (4) some other circumstances that suggest a discriminatory motive. Lawler v. Montblanc N. Am., LLC, 704 F.3d 1235, 1242 (9th Cir. 2013); Zeinali v. Raytheon Co., 636 F.3d 544, 552 (9th Cir. 2011); Guz v. Bechtel Nat. Inc., 24 Cal.4th 317, 352 (2000).

However, the FEHA only prohibits an employer from engaging in improper discrimination. Reno, 18 Cal.4th at 644. In Reno, the California Supreme Court held that individuals who do not qualify as employers cannot be sued for allegedly discriminatory acts under the FEHA. Id. at 663; Jones v. Lodge at Torrey Pines P'ship, 42 Cal.4th 1158, 1160 (2008). Plaintiff cannot bring a claim for discrimination in violation of the FEHA against the defendants because they are not employers. Therefore, the Court recommends that Defendants' motion to dismiss the discrimination claim with prejudice be granted.

**C. Retaliation in Violation of the FEHA**

Similarly, Defendants argue that they cannot be held personally liable under the FEHA

---

personnel decision making based on her race or treated differently than other non-African-American employees or that any other individual was given "preference in tasks, scheduling and activities."

for retaliation.

Section 12940 also prohibits "any employer, labor organization, employment agency, or person to discharge, expel, or otherwise discriminate against any person because the person has opposed any practices forbidden under this part or because the person has filed a complaint, testified, or assisted in any proceeding" under the FEHA. Cal.Gov. Code § 12940(h). The discrimination addressed by this section is retaliation. Jones, 42 Cal.4th at 1162. In Jones, the California Supreme Court held that while an employer is liable for retaliation under the FEHA, nonemployer individuals are not personally liable for their role in the retaliation. Id. at 1173.

Plaintiff cannot bring a claim for retaliation in violation of the FEHA against the defendants because they are not employers. Therefore, the Court recommends that Defendants' motion to dismiss the retaliation claim with prejudice be granted.

**D.    State Law Claims of Negligence and Negligent Infliction of Emotional Distress**

Defendants move to dismiss Plaintiff's claims of negligence and negligent infliction of emotional distress in violation of California law on the ground that Plaintiff has failed to state a claim and the claims are barred under California's Workmen's Compensation law.

1. <u>Failure to State a Claim</u>

Defendants argue that Plaintiff has failed to state a claim for negligence and negligent infliction of emotional distress because she has not pled facts that would establish a legal duty to use care, breach of the duty, and any cause between the breach and injury.

A public employee is liable for injury "proximately caused by his negligent or wrongful act or omission." Cal. Gov't Code § 844.6(d). Under California law "[t]he elements of a negligence cause of action are: (1) a legal duty to use due care; (2) a breach of that duty; (3) the breach was the proximate or legal cause of the resulting injury; and (4) actual loss or damage resulting from the breach of the duty of care." Brown v. Ransweiler, 171 Cal.App.4th 516, 534 (2009); accord Phillips v. TLC Plumbing, Inc., 172 Cal.App.4th 1133, 1139 (2009).

"A claim of negligent infliction of emotional distress is not an independent tort but the tort of negligence to which the traditional elements of duty, breach of duty, causation and

8

damages apply." Wong v. Tai Jing, 189 Cal.App.4th 1354, 1377 (2010); see also Christensen v. Superior Court, 54 Cal. 3d 868, 884 (1991). [T]o recover damages for emotional distress on a claim of negligence where there is no accompanying personal, physical injury, the plaintiff must show that the emotional distress was 'serious.' " Wong, 189 Cal.App.4th at 1377. "[S]erious emotional distress may be found where a reasonable man, normally constituted, would be unable to adequately cope with the mental stress engendered by the circumstances of the case." Id. at 1377–78.

Defendants argue that Plaintiff has alleged no facts in her first amended complaint to establish a legal duty of care, breach of that duty, and injury as a result of a breach of a duty owed. Defendants contend that Plaintiff is basing her negligence claims on conduct that she has alleged to support her intentional tort claims and cannot state a negligence claim.

The existence of a duty to use due care is a question of law. Christensen, 54 Cal.3d at 885. A "duty may be imposed by law, be assumed by the defendant, or exist by virtue of a special relationship." Potter v. Firestone Tire & Rubber Co., 6 Cal.4th 965, 985 (1993). In her assault claim, Plaintiff contends that the defendants had a duty to act reasonably and not engage in conduct that would cause an individual to fear an imminent offensive harmful touching. (FAC ¶ 44.) Similarly, in her battery claim, Plaintiff stated that the defendants had a duty to act reasonably and not engage in conduct that would cause harmful offensive touching to her person. (FAC ¶ 48.) Plaintiff's first negligence cause of action incorporates these prior paragraphs and states that the "negligent actions and/or negligent failures to act, as set forth herein above proximately caused the emotional, physical and financial injuries visited upon PLAINTIFF." (FAC ¶ 53.)

Under California law, "[a]n assault is an unlawful attempt, coupled with a present ability, to commit a violent injury on the person of another" and "[a] battery is any willful and unlawful use of force or violence upon the person of another." Cal. Penal Code § 240, 242; 5 B. E. Witkin, Summary of California Law, Torts § 346 (9th ed. 1988). For a civil battery claim in California, the plaintiff must prove the "(1) defendant intentionally performed an act that resulted in a harmful or offensive contact with the plaintiff's person; (2) plaintiff did not consent to the

1 contact; and (3) the harmful or offensive contact caused injury, damage, loss or harm to
2 plaintiff." Ransweiler, 171 Cal.App.4th at 526. Where the defendant is a peace officer, the
3 plaintiff must also prove that the use of force was unreasonable. Id.

4       Here, the determination of whether a defendant acted negligently in committing a battery
5 or assault on Plaintiff depends on the reasonableness of his action. Martin v. Cty. of San Diego,
6 650 F.Supp.2d 1094, 1109 (S.D. Cal. 2009), on reconsideration in part (Oct. 23, 2009). Plaintiff
7 alleges that Defendants Lopez and Mendoza used excessive force and touched her in an invasive
8 manner during the strip search. (FAC ¶¶ 45, 49.) An officer that commits a battery is likely to
9 be acting unreasonably and would thus be negligent in the process. Duenas v. Cty. of Imperial,
10 No. 14CV-2460-L(KSC), 2015 WL 12656291, at *6 (S.D. Cal. Mar. 9, 2015). At the pleading
11 stage, Plaintiff has sufficiently alleged a claim for negligence based on the assault and battery
12 claims.

13       Plaintiff's second negligence cause of action incorporates the preceding paragraphs and
14 states that the defendants "caused negligent infliction of emotional distress that included, but was
15 not limited to, mental abuse. The mental abuse caused PLAINTIFF to reasonably fear for his
16 [sic] safety. The physical and mental abuse resulted in PLAINTIFF suffering severe emotional
17 distress with attendant physical manifestations." (FAC ¶ 56.) Duty is an essential element for
18 the tort of negligence and there is no duty to avoid negligently causing another persona
19 emotional distress. Potter, 6 Cal.4th at 984; Gu v. BMW of N. Am., LLC, 132 Cal.App.4th 195,
20 204 (2005). Therefore, the defendant is only liable if the emotional distress arises out of some
21 other legal duty which has been breached. Gu, 132 Cal.App.4th at 204. To the extent that
22 Plaintiff attempts to state a negligence claim based upon a duty not to cause her emotional
23 distress, she fails to state a claim.

24       2.    <u>California Workmen's Compensation Law</u>

25       Defendants move to dismiss Plaintiff's negligence and negligent infliction of emotional
26 distress claims as barred by California's Workmen's Compensation law. California Labor Code
27 section 3600 provides that an employer is liable under California's workmen's compensation law
28 for injuries that an employee sustains that arise out of and in the course of employment. Cal.

Lab. Code § 3600. When an injury is compensable under section 3600, "the sole and exclusive remedy of the employee" is through Workmen's Compensation and the employee may not "bring an action at law for damages against the employer." Cal. Lab. Code § 3602(a). Similarly, "workers' compensation was also made the exclusive remedy against fellow employees acting within the scope of employment." Torres v. Parkhouse Tire Serv., Inc., 26 Cal.4th 995, 1002 (2001); see Cal. Lab. Code § 3601(a) (setting forth exceptions of injury caused by the willful and unprovoked physical act of aggression by an employee or injury caused by the intoxication of the other employee).

Physical and emotional injuries that are sustained in the course of employment are preempted by California's Workers' Compensation scheme and will therefore generally not support an independent cause of action. Miklosy v. Regents of Univ. of California, 44 Cal.4th 876, 902 (2008); Yau v. Santa Margarita Ford, Inc., 229 Cal.App.4th 144, 161 (2014). This includes emotional injuries resulting from workplace discipline or termination. Yau, 229 Cal.App.4th at 161. "An employer's intentional misconduct in connection with actions that are a normal part of the employment relationship . . . resulting in emotional injury is considered to be encompassed within the compensation bargain, even if the misconduct could be characterized as 'manifestly unfair, outrageous, harassment, or intended to cause emotional disturbance.' " Vasquez v. Franklin Mgmt. Real Estate Fund, Inc., 222 Cal.App.4th 819, 833 (2013).

Here, the acts alleged occurred during the course of Plaintiff's employment and were committed by Plaintiff's fellow employees. Plaintiff alleges that she lost her identification badge and when she reported the loss was subjected to a search of her person to locate the badge by Defendants Lopez and Mendoza. Plaintiff also alleges that Defendants Lopez and Mendoza refused to provide her with the necessary level of assistance needed to perform her job which fundamentally altered the terms and conditions of her employment. Plaintiff alleges that unidentified employees wrote her up for medication management issues and failing to follow protocol. Plaintiff alleges that these incidents caused her to suffer physical and financial injuries and caused her severe emotional distress.

As long as the basic conditions of compensation have been satisfied, and the employer's

conduct does not contravene fundamental public policy or exceed the risks inherent in the employment relationship, "an employee's emotional distress injuries are subsumed under the exclusive remedy provisions of workers' compensation." Miklosy, 4 Cal.4th at 902. Plaintiff was employed at a prison and being searched or written up for disciplinary reasons would be risks inherent in the employment relationship. See Sacramento Cty. Deputy Sheriffs' Assn. v. Cty. of Sacramento, 51 Cal.App.4th 1468, 1478 (1996) (concluding that privacy expectations of employees may be diminished in prison or jail settings due to institutional security concerns); McDonell v. Hunter, 809 F.2d 1302, 1306 (8th Cir. 1987) (reasonable suspicion standard applies to strip searches of prison employees); Yau, 229 Cal.App.4th at 161 (emotional injuries resulting from workplace discipline or termination).

The California Labor Code provides that the exclusive remedy against another employee acting within the scope of his employee is through Worker's Compensation absent certain exceptions that are not implicated here. Cal. Lab. Code 3601(a). Since the injuries complained of were sustained during the course and scope of Plaintiff's employment by employees acting in the scope of their employment, California's Workers' Compensation is the exclusive remedy for claims based upon the negligent acts of other employees. Accordingly, the Court recommends that Defendants' motion to dismiss Plaintiff's negligence and negligent infliction of emotional distress claims be granted without leave to amend.

## V.

## RECOMMENDATION

Based on the foregoing, IT IS HEREBY RECOMMENDED that Defendants' motion to dismiss Plaintiff's claims of racial discrimination and retaliation in violation of the FEHA (second and seventh cause of action), negligence (fifth cause of action), negligent infliction of emotional distress (sixth cause of action), and the official capacity claims be GRANTED without leave to amend.

This findings and recommendations is submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 304. Within fourteen (14) days of service of this recommendation, any party may file written objections to this

findings and recommendations with the Court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. <u>Wilkerson v. Wheeler</u>, 772 F.3d 834, 839 (9th Cir. 2014) (citing <u>Baxter v. Sullivan</u>, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **May 11, 2018**

UNITED STATES MAGISTRATE JUDGE